Freedman, J.
Although James O’Brien was employed as a stevedore to unload the coal from defendants’ boat, and the derrick with its appurtenances used for that purpose was the property of such stevedore, yet it was competent to show that the unloading was to proceed according to a certain custom, and that it was part of the custom for the captain of the boat, or somebody specially designated by him for that purpose, in the interest of the boat to attend to the guy rope and to direct the movements of the boy who managed the hoist horse.
In the case at bar evidence was given that pursuant to such custom the captain of defendants’ boat did undertake to attend to the guy rope and to direct the movements of the boy and the horse first in person and afterwards by a substitute, and that plaintiff’s injuries were caused by the manner in which said substitute performed the assumed duty.
The evidence was submitted to the jury with an instruction to the effect that if, in what he did, the captain acted as the servant of O’Brien, the plaintiff could not recover, but if he acted as the servant of defendants’ company, the company was chargeable with his negligence and the negligence of the person whom he substituted in his place. The jury were also instructed that the plaintiff could not recover unless the injuries which he sustained, were the natural and proximate result of negligence chargeable to the defendants. There was no error in such submission. Indeed the charge, as a whole, fully and fairly guarded every right of the defendants in every aspect of the case.
*140 Upon the whole case no exception appears which constitutes ground for reversal.
The judgment and order should be affirmed with costs.
Sedgwick, Ch. J.
I am of opinion that the employment of the stevedore and his derrick, was not inconsistent with the captain of the boat being the servant and agent of the defendants in the management of the guy rope. The captain, as a witness for defendants testified, “ It is part of my duty as captain of the boat to handle the guy rope.”
Under the circumstances of the case the jury could rightly find, that the authority of the captain was not confined merely to holding the guy, but was more general in respect of its entire management so that he had authority to give its care and handling to a third person who thereupon became an agent of the defendants, and whose negligence if that occurred was imputed to the defendants.
I think that no exception was taken which calls for a reversal of the judgment and that it and the order appealed from, should be affirmed with costs.